## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZACHAURY CLAYTON CAPRIOTTI,    :
    Petitioner    :
        :    No. 1:24-cv-01366
    v.    :
        :    (Judge Kane)
MICHAEL GOURLEY, Superintendent,    :
SCI CAMP HILL, et al.,[1]    :
    Respondents    :

### MEMORANDUM

Before the Court are pro se Petitioner's application for leave to proceed in forma pauperis and petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set forth below, the Court will grant Petitioner leave to proceed in forma pauperis and dismiss his Section 2254 petition without prejudice to him refiling it once he exhausts his state-court remedies.

## I.    BACKGROUND

A jury sitting in the Court of Common Pleas of Sullivan County found pro se Petitioner Zachaury Clayton Capriotti ("Capriotti") guilty of one (1) count of Possession of a Firearm Prohibited (graded as a first-degree felony), three (3) counts of Possession of a Firearm Prohibited (graded as second-degree felonies), and one (1) count of Endangering the Welfare of Children, Possession of a Controlled Substance, Possession of Drug Paraphernalia, and

---

[1] Petitioner did not name any Respondents in his habeas petition. (Doc. No. 1 at 1.) Therefore, the Court has substituted Michael Gourley, the Superintendent of Pennsylvania State Correctional Institution Camp Hill, the place where Petitioner is currently incarcerated, see (Doc. No. 1 at 1), as a Respondent in this case, and will ensure that the Clerk of Court does the same on the docket for this case. See R. 2(a), 28 U.S.C. foll. § 2254 (requiring habeas petitioner's current custodian to be named as respondent); Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds [them] in what is alleged to be unlawful custody."). The Court will also substitute the Attorney General of the Commonwealth of Pennsylvania as a Respondent in the Order which accompanies this Memorandum.

Possession of a Small Amount of Marijuana, on June 30, 2020.[2] See (Doc. No. 1 at 1);

Commonwealth v. Capriotti, 262 A.3d 650 (Table), 2021 WL 3836846, at *1, 4 (Pa. Super. Ct.

Aug. 27, 2021).  On September 1, 2020, the trial court sentenced Capriotti to an aggregate

sentence of state incarceration for a minimum of twenty-four-and-a-half years (24 ½) years to a

maximum of fifty-five years.  See (Doc. No. 1 at 1); Capriotti, 2021 WL 3836846, at *4.

Following his sentencing, Capriotti filed post-sentence motions, which the trial court denied on

September 16, 2020.  See Capriotti, 2021 WL 3836846, at *4.  He then filed a timely notice of

appeal to the Superior Court on September 25, 2020.  See (Doc. No. 1 at 2); Capriotti, 2021 WL

3836846, at *4; Docket.

On appeal, Capriotti raised seven (7) issues for the Superior Court's review.  See

Capriotti, 2021 WL 3836846, at *4.  Those issues were: (1) "Whether the Suppression Court's

failure to make Findings of Fact and Conclusions of Law when it denied [Capriotti's] Motion to

Suppress requires remand"; (2) "Whether the evidence seized by the police should have been

suppressed as [Capriotti] had a right of privacy, police actually participated in the search and

there were no exigent circumstances justifying the failure to obtain a search warrant"; (3)

"Whether the trial Court [sic] erred in admitting statements made by [Capriotti] when, had the

evidence been suppressed, there would be no corpus delecti"; (4) "Whether the trial court abused

its discretion in permitting the Commonwealth to amend the Information on day of trial"; (5)

"Whether the trial court erred in denying the demurrer to the charge of Endangering the Welfare

of Children"; (6) "Whether the verdict of guilty on all counts was against the weight of the

---

[2]  The Court takes judicial notice of the docket sheet in Capriotti's criminal case, which is available through the Unified Judicial System of Pennsylvania Web Portal at https://ujsportal.pacourts.us/CaseSearch ("Portal").  See Commonwealth v. Capriotti, No. CP-57-CR-0000021-2019 (Sullivan Cnty. Ct. Com. Pl. Mar. 18, 2019) ("Docket").

evidence"; and (7) "Whether [Capriotti] was entitled to credit for time served against the aggregated sentence." See id. (alterations in original) (citation omitted). Although the Superior Court rejected Capriotti's arguments regarding the first six (6) issues, see id. at *4–11, it determined that the seventh issue had merit insofar it concluded that the trial court erred when it did not give Capriotti credit for time served, see id. at *11–12. As such, the Superior Court vacated Capriotti's judgment of sentence and remanded the matter to the trial court for resentencing. See id. at *12; (Doc. No. 1 at 2).

Before the trial court could resentence Capriotti, he filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which the Court granted on February 23, 2022. See (Doc. No. 1 at 2); Commonwealth v. Capriotti, 273 A.3d 510 (Table), 2022 WL 536430 (Pa. Feb. 23, 2022) (granting petition for allowance of appeal and phrasing issue as: "Whether the Superior Court erred in its application of the 'silver platter' exception to the exclusionary rule, where police retrieved evidence of criminality after accepting a non-occupant's invitation into a residence to retrieve items discovered by the non-occupant during a prior search?"). Almost a year later, on January 10, 2023, the Pennsylvania Supreme Court dismissed the appeal as having been improvidently granted. See (Doc. No. 1 at 2); Commonwealth v. Capriotti, 287 A.3d 810 (Table), 2023 WL 143175 (Pa. Jan. 10, 2023). After the Pennsylvania Supreme Court's dismissal of his appeal, it does not appear that Capriotti filed a petition for a writ of certiorari with the United States Supreme Court.[3]

---

[3] The Court takes judicial notice of the United States Supreme Court's searchable docket, available on the Supreme Court's website at: https://www.supremecourt.gov/docket/docket.aspx. This Court was unable to locate any petition Capriotti filed with the Supreme Court.

The trial court resentenced Capriotti on October 3, 2023, to the same sentence he originally received, i.e., a minimum of twenty-four-and-a-half (24 ½) years to a maximum of fifty-five (55) years' incarceration.  See (Doc. No. 1 at 1); Docket.[4]  Approximately two (2) months later, on December 19, 2023, Capriotti filed a pro se petition for post-conviction relief pursuant to Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. §§ 9541–46 ("PCRA").  See (Doc. No. 1 at 3); Docket.  An amended PCRA petition was filed on May 9, 2024.  See Docket.

On June 6, 2024, the PCRA court denied Capriotti's initial and amended PCRA petitions. See (Doc. No. 1 at 3); Docket.  Approximately a week later, Capriotti filed an appeal from the denial of his PCRA petitions to the Superior Court.  See (Doc. No. 1 at 3); Docket.  Capriotti's appeal is currently pending before the Superior Court.  See (Doc. No. 1 at 12); Commonwealth v. Capriotti, No. 1025 MDA 2024 (Pa. Super. Ct. July 14, 2024).[5]

Despite the pendency of Capriotti's appeal with the Superior Court, he filed the instant Section 2254 habeas petition, along with an application for leave to proceed in forma pauperis and prisoner trust fund account statement, on August 7, 2024.[6]  (Doc. Nos. 1–3.)  In his habeas petition, Capriotti asserts the following claims:  First, he argues that "the private search doctrine

---

[4]  In his petition, Capriotti asserts that he was resentenced on October 2, 2023, see Doc. No. 1 at 1; however, it appears from his state-court docket that Capriotti was resentenced on October 3, 2023, see Docket.  The Court uses the resentencing date indicated on the docket rather than the date in the petition.  The one (1)-day difference between these dates does not affect the Court's disposition of Capriotti's petition.

[5]  The Court takes judicial notice of the docket for Capriotti's appeal with the Superior Court.

[6]  The federal "prisoner mailbox rule" provides that a pro se prisoner's submission is deemed filed "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk."  See Houston v. Lack, 487 U.S. 266, 276 (1988).  Here, Capriotti includes a declaration indicating that he placed his habeas petition in the prison mailing system on August 7, 2024. (Doc. No. 1 at 14.)  As such, the Court uses August 7, 2024, as the petition's filing date, even though the Clerk of Court did not docket the petition until August 13, 2024.

applies to objects, not homes." <u>See</u> (Doc. No. 1 at 5).  Second, he contends that the trial court should have suppressed evidence law enforcement seized from his apartment because this seizure violated his rights under the Fourth Amendment to the United States Constitution.  (<u>Id.</u> at 6.)  Third, he argues that the prosecutor violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny, concerning certain witness testimony presented.  (<u>Id.</u> at 8–9.)  Fourth, he alleges that the prosecutor violated Pennsylvania Rule of Criminal Procedure 575 and committed fraud on the court by falsifying certain documents.  (<u>Id.</u> at 9–11.)  Fifth, he asserts that the prosecution "did not meat [sic] it's [sic] burden of proof and persuasion under Pennsylvania Rule[] of Criminal Procedure 581(H)."[7]  <u>See</u> (<u>id.</u> at 15).  Sixth, he contends that "Trooper Benjamin" falsified the affidavit of probable cause in support of the search warrant, "as well Reports [sic], violating the standards set by [<u>Franks v. Delaware</u>, 438 U.S. 154 (1978)]." <u>See</u> (<u>id.</u> at 15–16).  Seventh, he argues that the trial court erred by shifting the burden of proof and persuasion when addressing his motion to suppress in violation of Pennsylvania Rule of Criminal Procedure 581.  <u>See</u> (<u>id.</u> at 16–17).  Eighth, he alleges that the trial court committed an abuse of discretion when it permitted the prosecution to proceed with "the defense of Statute of Frauds," despite the defense being waived as a matter of law.  <u>See</u> (<u>id.</u> at 17–18).  Ninth, he asserts that his suppression and trial counsel were ineffective when they failed to "protect [his] constitutional rights." <u>See</u> (<u>id.</u> at 18–19).  Tenth, he contends that he was denied a fully counseled PCRA petition in violation of Pennsylvania Rule of Criminal Procedure 904.  <u>See</u> (<u>id.</u> at 19).  Eleventh, and finally, he argues

---

[7]  This claim appears to be related to Capriotti's suppression issues as Pennsylvania Rule of Criminal Procedure 581(H) falls under Rule 581, which addresses "Suppression of Evidence" and provides that "[t]he Commonwealth shall have the burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights."  <u>See</u> Pa. R. Crim. P. 581(H).

that the trial court imposed an excessive sentence as retaliation for his decision to proceed to a jury trial.  See (id. at 19–20).

## II.    DISCUSSION

### A.    The IFP Application

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."  See id.  This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts."  Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. [Deutsch v. United States, 67 F.3d 1080, 1084 (3d Cir. 1995)].  Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, among other things, that [they are] unable to pay the costs of the lawsuit.  Neitzke, 490 U.S. at 324, 109 S.Ct. 1827.

See Douris v. Middletown Twp., 293 F. App'x 130, 131–32 (3d Cir. 2008) (unpublished) (footnote omitted).

A litigant can show that they are unable to pay the costs of the lawsuit "based on a showing of indigence."  See Deutsch, 67 F.3d at 1084 n.5.  The Third Circuit Court of Appeals has not defined what it means to be indigent; nevertheless, "[a] plaintiff need not 'be absolutely destitute to enjoy the benefit of the statute.'"  See Mauro v. N.J. Supreme Ct., Case No. 56,900, 238 F. App'x 791, 793 (3d Cir. 2007) (unpublished) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)).  Some district courts have explained that all a litigant needs to show is that because of their poverty, they cannot afford to pay for the costs of the litigation and

provide themselves with the necessities of life.  See, e.g., Rewolinski v. Morgan, 896 F. Supp. 879, 880 (E.D. Wis. 1995) ("An affidavit demonstrating that the petitioner cannot, because of his poverty, provide himself and any dependents with the necessities of life is sufficient."); Jones v. State, 893 F. Supp. 643, 646 (E.D. Tex. 1995) ("An affidavit to proceed in forma pauperis is sufficient if it states that one cannot, because of poverty, afford to pay for the costs of litigation and still provide for him- or herself and any dependents.").

Here, after reviewing the IFP Application and certified prison trust fund account statement, it appears that Capriotti is unable to pay the costs of this habeas action.  Therefore, the court will grant him leave to proceed in forma pauperis.

### B.      Screening of the Habeas Petition

The Court has screened this Section 2254 habeas matter pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  As explained below, it plainly appears that Capriotti's habeas petition should be dismissed without prejudice because some of his claims are unexhausted.  See R. 4, 28 U.S.C. foll. § 2254 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

### 1.      Legal Standard – Exhaustion of State Court Remedies

A Section 2254 habeas petitioner must first exhaust any state court remedies before filing a habeas petition in federal court: "It is axiomatic that a federal court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts."  See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (Lambert I) (citation omitted); see also 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it

appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."). A federal court may consider a habeas petition only after the petitioner "'fairly present[s' their] claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." See Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365–66 (1995)). In other words, to fully exhaust their state remedies, a habeas petitioner must invoke "one complete round of the state's established appellate review process." See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

In Pennsylvania, "one complete round" includes presenting the federal claim through the Superior Court on direct or collateral review. See Lambert v. Blackwell, 387 F.3d 210, 233–34 (3d Cir. 2004). The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993) ("The habeas petitioner bears the burden of proving that he has exhausted available state remedies." (citations omitted)). If a petitioner has failed to exhaust their habeas claims by failing to "fairly present" them to the state courts, the district court ordinarily must dismiss the petition without prejudice to the petitioner returning to state court to exhaust their remedies. See Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004) ("Under the doctrine of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), federal courts must dismiss without prejudice habeas petitions that contain any

unexhausted claims."); see also Gerber v. Varano, 512 F. App'x 131, 135 (3d Cir. 2013) (unpublished) (indicating that "[s]tay and abey is available even when a petitioner has exhausted none of the claims in [their] petition").[8]

  Habeas petitioners are required to exhaust state remedies because exhaustion "addresses federalism and comity concerns by afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."  See Lambert I, 134 F.3d at 513 n.18 (citation and internal quotation marks omitted).  Therefore, although the exhaustion requirement is a comity concern and not a jurisdictional concern, it "should be strictly adhered to because it expresses respect for our dual judicial system."  See Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir. 1992) (citation omitted).  In addition, "[e]qually as important, federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review."  See Rose, 455 U.S. at 519.

  **2.**   **Analysis**

  After reviewing Capriotti's habeas petition, it appears to contain at least one (1) unexhausted claim.  Because the petition contains at least one (1) unexhausted claim, the court may dismiss the petition without prejudice to Capriotti to refile the petition after he exhausts the claim(s) in state court.  See id. at 522 ("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").  However, because the petition appears to be a mixed petition insofar as it contains exhausted and unexhausted claims, the Court may also stay the petition "rather than dismiss, holding the

---

[8] If, however, the petitioner may no longer seek relief on their claims in state court because of a state's procedural rules, the claims are procedurally defaulted.  See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).

petition in abeyance while the petitioner seeks exhaustion of any unexhausted claims in state court." See Heleva v. Brooks, 581 F.3d 187, 190 (3d Cir. 2009) (citing Rhines v. Weber, 544 U.S. 269, 275 (2005)).

Even though district courts may stay and abey a habeas petition, the Supreme Court has cautioned against liberal use of the stay and abey procedure because:

> [s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

See Rhines, 544 U.S. at 277.  Thus, to justify a stay, a petitioner must satisfy three requirements: (1) good cause for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner must not have engaged in intentionally dilatory litigation tactics.  See Heleva, 581 F.3d at 190, 192 (citing Rhines, 544 U.S. at 278).  In addition, "while it usually is within a district court's discretion to determine whether to stay or dismiss a mixed petition, staying the petition is the only appropriate course of action where an outright dismissal could jeopardize the timeliness of a collateral attack."  See Crews v. Horn, 360 F.3d 146, 152 (3d Cir. 2004) (citations and internal quotation marks omitted).  As such, "[a] key pre-requisite to the granting of a stay under the standard of Rhines is that there be a real danger the petitioner would, after dismissal without prejudice of the federal habeas action, be time-barred upon his return to federal court after the state proceedings are no longer pending."  See Osburne v. Kerestes, No. 15-cv-6493, 2016 WL 2954162, at *4 (E.D. Pa. Mar. 31, 2016), report and recommendation adopted sub nom., Osbourne v. Kerestes, 2016 WL 2939520 (E.D. Pa. May 19, 2016).

In this case, there is no plausible reason for this Court to stay the instant petition while Capriotti exhausts his state-court remedies because there is no good cause for the failure to

exhaust, and he appears to be in no danger of being time-barred upon his return to federal court once his state-court proceedings have concluded.  As for the possible time bar, AEDPA provides for a one-year statute of limitations, which, as pertinent here, runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  See 28 U.S.C. § 2244(d)(1)(A).  When calculating the commencement of the statute of limitations for purposes of subsection (A), the Court must determine when Capriotti's judgment of sentence became final.

"Under § 2244(d)(1)(A), a state court criminal judgment becomes 'final' and the statute of limitations begins to run, 'at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires.'"  See Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999) (quoting Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) and citing Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999)).  Here, Capriotti's judgment of sentence became final on November 2, 2023, thirty (30) days after he was resentenced and did not file another appeal to the Superior Court.  See Pa. R. Crim. P. 720(A)(3) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence . . . ."); Pa. R.A.P. 903(c)(3) (providing that criminal defendant has thirty (30) days from imposition of sentence to file appeal unless post-sentence motion is filed); Broomall v. Walker, No. 22-cv-01943, 2024 WL 1164873, at *6 (E.D. Pa. Feb. 9, 2024) (determining that Section 2254 habeas petitioner's sentence became final thirty (30) days after he was resentenced and did not file another appeal to the Superior Court), report and recommendation adopted sub nom., Broomall v. Dist. Att'y of County of Del., 2024 WL 1163542 (E.D. Pa. Mar. 18, 2024).  Thus, AEDPA's one-year statute of limitations began to run

on November 3, 2023, and Capriotti has until November 4, 2024, to file a Section 2254 petition unless any statutory or equitable tolling period applies.[9]

Concerning statutory tolling, AEDPA contains a tolling provision, which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." See 28 U.S.C. § 2244(d)(2). A "properly filed application" for state post-conviction collateral review is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." See Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). "State prisoners therefore must file their state claims promptly and properly under state law in order to preserve their right to litigate constitutional claims that are more than one year old in federal court." Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001). If the state court dismisses a late-filed application for post-conviction collateral review because it is time-barred, the application does not constitute a "properly filed application" for AEDPA tolling purposes. See Merrit v. Blaine, 326 F.3d 157, 165–66 (3d Cir. 2003).

As indicated above, Capriotti appears to have timely filed a PCRA petition in the Court of Common Pleas on December 19, 2023. As such, he would be entitled to statutory tolling while he pursued that PCRA petition through the state courts. Prior to the beginning of this statutory tolling period, forty-seven (47) days of the one (1)-year habeas limitations period passed.

---

[9] Although the one-year period technically concludes on November 3, 2024, Capriotti would have until November 4, 2024, to file his petition because November 3, 2024 falls on a Sunday. See R. 12, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); Fed. R. Civ. P. 6(a)(1) ("When the period is stated in days or a longer unit of time . . . (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Therefore, once the Superior Court resolves his pending appeal from the denial of his PCRA

petitions, he would still have 318 days to file a Section 2254 petition.  Therefore, dismissing

without prejudice, rather than staying this action, would not affect Capriotti's right to refile a

habeas petition asserting any claim preserved in the PCRA proceedings, including those

appellate proceedings.  See Hicks v. Wetzel, No. 17-cv-01969, 2019 WL 1204900, at *3 (M.D.

Pa. Mar. 14, 2019) ("In sum, because there is no real danger that refusing to grant a stay of these

federal proceedings will result in his federal claims becoming time barred, the Court will deny

petitioner's motion to stay these federal habeas proceedings and dismiss the case without

prejudice." (citations omitted)); see also Nguyen Vu v. Wetzel, No. 11-cv-03226, 2012 WL

1071188, at *2 (E.D. Pa. Mar. 30, 2012) ("At the time that his PCRA petition is no longer

pending, the one (1) year grace period will begin to run and Vu will have 111 days to file a

timely § 2254 petition. If Vu acts with reasonable diligence after his PCRA proceedings

conclude, there is little danger that federal review of Vu's claims will be foreclosed due to lack of

timelines."); cf. Crews, 360 F.3d at 154 (explaining that thirty (30) days is "reasonable interval"

after denial of relief in state court to return to federal court).

## III.    CERTIFICATE OF APPEALABILITY

        "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not

be taken to the court of appeals from . . . the final order in a habeas proceeding in which the

detention complained of arises out of process issued by a State court[.]"  See 28 U.S.C. §

2253(c)(1)(A).  A judge may issue a certificate of appealability "only if the applicant has made a

substantial showing of the denial of a constitutional right."  See id. § 2253(c)(2).  This showing

requires a habeas petitioner to demonstrate that "reasonable jurists could debate whether ... the

petition should have been resolved in a different manner or that the issues presented were

13

adequate to deserve encouragement further."  See Slack v. McDaniel, 529 U.S. 473, 484 (2000)

(citation and internal quotation marks omitted).  In this case, the Court declines to issue a

certificate of appealability as jurists of reason would not find it debatable whether the court

should dismiss without prejudice this habeas petition because Capriotti has not fully exhausted

his state court remedies.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant the IFP Application and dismiss

Capriotti's Section 2254 habeas petition without prejudice to him refiling it once he fully

exhausts his available state court remedies.[10]  The Court also will not issue a certificate of

appealability.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[10] This determination applies only to exhaustion of state remedies and not to any argument that
some of Capriotti's claims are procedurally defaulted, such as any claims that should have been,
but were not, raised as part of his direct appeal.